█ In the Matter of the Arbitration between LABORATORIOS GROSSMAN, S. A., Appellant, and FOREST LABORATORIES, INC., Respondent.— Order entered

July 19, 1968 is unanimously modified, on the law and on the facts, to strike therefrom the first three decretal paragraphs and to direct that a hearing be held in accordance with this memorandum, and the order is otherwise affirmed, without costs or disbursements to either party. Pending the hearing and final determination of the motions, arbitration is ordered stayed. The parties entered into an agreement providing for arbitration " in accordance with the rules and procedures of the Pan-American Arbitration Association." However, it appears that no such named organization exists, or ever did exist. Respondent contends that the parties really intended that arbitration be had in accordance with the rules and procedures of the Inter-American Commercial Arbitration Commission, which is an organization created by the Pan American Union. The appellant denies that such was the agreement, and states further that the agreement to arbitrate was conditioned upon arbitration being conducted in Mexico. It seems that the Inter-American Commercial Arbitration Commission does have facilities for arbitration to be conducted in Mexico, and in accordance with its rules it may order arbitration to be held there. Nevertheless, the appellant feels that it might order arbitration elsewhere, which it may likewise do, pursuant to its rules. In the light of these conflicting positions a hearing should be had to determine the true intent of the parties. If it should be found that the parties really intended to arbitrate pursuant to the rules of the Inter-American Commercial Arbitration Commission, then arbitration before that tribunal should be directed, and nothing further need be determined. If, however, it should be determined that the parties did not so agree, the issue to be decided is whether the dominant purpose of the agreement was to settle disputes by arbitration, rather than the instrumentality through which arbitration should be effected. (*Matter of Golenbock [Komoroff]*, 2 A D 2d 742.) In such event, there being no viable organization named in the agreement, through which arbitration may be had, the court may direct arbitration before such tribunal as it may determine would be the most appropriate in the circumstances. (See CPLR 7504.) If, however, it should be found that it was the intent of the parties to arbitrate, but only in Mexico, the court then could direct that arbitration be had either in accordance with the rules of the Inter-American Commercial Arbitration Commission, provided, however, that the Commission direct that the proceedings be held in Mexico, or before any other organization that the court may choose, again provided that the proceedings be conducted in Mexico. Concur — Stevens, J. P., Eager, Tilzer, McGivern and Rabin, JJ.