■ L. A. SWYER CO., INC., Appellant, v JOHN W. COWPER COMPANY, INC., Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 6, 1976 in Albany County, which denied a motion for a stay of arbitration. Appellant is the general contractor for the construction of a library at Rensselaer Polytechnic Institute in Troy, New York. Respondent is a subcontractor. The subcontract contains, in applicable part, the following provision. "ARTICLE 14 ARBITRATION 14.1 All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration in the same manner and under the same procedure as provided in the Contract Documents with respect to disputes between the Owner and the Contractor". The main contract between the appellant and owner contains no provision for the submission of any dispute to arbitration. However, a dispute has arisen between these parties, and Special Term has denied appellant's application for a stay of arbitration which was made in response to respondent's demand therefor. There must be an affirmance. The language of the subcontract whereby the parties agreed to arbitrate is broad, clear and unambiguous. The agreement was prepared by appellant and duly executed by it after it had reached accord with the owner and, therefore, its terms must be enforced *(Matter of Exercycle Corp. [Maratta],* 9 NY2d 329, 334). The absence of any provision in the main contract, to which reference was to be had for the manner and method of procedure, does not alter the clear and dominant purpose of these parties, as evidenced by their written agreement, to submit *all* disputes to arbitration. Accordingly, Special Term was correct

in directing arbitration before the most appropriate tribunal available under the circumstances *(Matter of Laboratories Grossman [Forest Labs.],* 31 AD2d 628). Order affirmed, with costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.